**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-51002
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKEY EUGENE HAMILTON, also known as Rickey Eugene
Hamilton,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(W-97-CR-35-3)

June 9, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Ricky Eugene Hamilton appeals the sentence imposed following his guilty-plea conviction of conspiracy to possess marijuana with intent to distribute and conspiracy to commit money laundering, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1956(h).

Hamilton contends that the district court erred in refusing to "group" the two counts of conviction pursuant to U.S.S.G. § 3D1.2, which would have reduced his combined offense level by two levels. Because the decision to group offenses "depend[s] on factual and case-specific conclusions, . . . we must give 'due deference' to the district court, and respect the informed judgments made by that court." *United States v. Gallo*, 927 F.2d 815, 823 (5th Cir. 1991).

Under U.S.S.G. § 3D1.2, a sentencing court must group "[a]ll counts involving substantially the same harm." This court should look to the language of the guidelines and the explanatory

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comments to determine whether the district court correctly determined that offenses did not involve substantially the same harm under § 3D1.2. *See Gallo*, 927 F.2d at 824. Two counts involve "substantially the same harm," (a) when the counts involve the same victim and the same act or transaction, (b) when the counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan, (c) when one count embodies conduct accounted for in the guideline applicable to the other count, or (d) when the offense level is determined largely on some measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. U.S.S.G. § 3D1.2.

The district court did not err in finding that money laundering and marijuana distribution do not involve the "same victim" under § 3D1.2(a), (b). *See Gallo*, 927 F.2d at 824. It did not err by implicitly determining that the two counts were not offenses of the "same general type" under § 3D1.2(d). *See* U.S.S.G. § 3D1.2, comment. (n.6). Hamilton does not argue that § 3D1.2(c) applies.

Hamilton contends that the district court's ruling runs afoul of our decision in *United States v. Coscarelli*, 105 F.3d 984 (5th Cir. 1997). However, this opinion was vacated, and is no longer of precedential value. *See United States v. Coscarelli*, 111 F.3d 376 (5th Cir. 1997).

Accordingly, the sentence is AFFIRMED.